## PHŒNIX LIFE INSURANCE COMPANY *v.* WALRATH.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF WISCONSIN.

Submitted March 25, 1886.—Decided March 29, 1886.

The right to remove a suit from a State court to a Circuit Court of the United States, being once lost by reason of non-user "before or at the term at which said cause could be first tried and before the trial thereof," is not revived by a subsequent amendment of the pleadings which creates new and different issues.

This suit was commenced July 19, 1880, in the Circuit Court for Milwaukee County, Wisconsin, by the plaintiff in error against the defendant in error to recover sums of money

alleged to have been received by him as its agent and converted to his own use; and was put at issue August 26, 1880, by a plea of the general issue. At the trial in February, 1881, evidence offered by defendant was objected to on the ground that the defence which it disclosed should have been specially pleaded. Defendant then moved for leave to file a special plea, and the motion was denied. A verdict was then taken for plaintiff, and judgment entered, May 2, 1881, on the verdict. The Supreme Court of the State, on appeal, reversed the judgment in October, 1881, and remanded the cause for a new trial. The defendant in April, 1882, moved for leave to file an amended answer, which was granted, and plaintiff given time to reply to it. Pending this grant of time, plaintiff filed a petition to remove the case to the Circuit Court of the United States, on the ground that the petitioner "at the date of the commencement of the above entitled action, and long prior thereto, was, and still is, a corporation organized and existing under and by virtue of the laws of the State of Connecticut, and that the defendant was and is a citizen of the State of Wisconsin." The petition was granted and the case removed. In the Circuit Court of the United States, on motion of the defendant the cause was remanded to the State court. The plaintiff sued out this writ of error to review that judgment.

*Mr. George P. Miller* for plaintiff in error.

*Mr. James G. Jenkins* for defendant in error.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

The order remanding this case is affirmed. The right to the removal of a suit under the act of March 3, 1875, 18 Stat. 470, ch. 137, is lost by a failure to file a petition "before or at the term at which said cause could be first tried and before the trial thereof," and it is not restored by an amendment of the pleadings afterwards so as to present different issues. As was said in *Babbitt v. Clark*, 103 U. S. 606, 612, "the act of Congress does not provide for the removal of a cause at the first term at which a trial can be had on the issues, as finally

settled by leave of the court or otherwise, but at the first term at which the cause, as a cause, could be tried." This rule has been strictly adhered to. *Edrington* v. *Jefferson*, 111 U. S. 770, 775; *Pullman Palace Car Co.* v. *Speck*, 113 U. S. 84, 87; *Gregory* v. *Hartley*, 113 U. S. 742, 745. Here the suit was begun July 19, issue joined August 26, 1880, and a trial had February 23, 1881, which resulted in a verdict and judgment for the present plaintiff in error. This judgment was reversed by an appellate court October 19, 1881, and the cause sent back for a new trial. In the trial court an amended answer which contained a counter-claim was filed on leave May 20, 1882, and the petition for removal was not filed until September 13, 1882. This was clearly too late.

*Affirmed.*