BAILEY v. MOSHER et al.

(Circuit Court, D. Nebraska. May 7, 1896.)

UNITED STATES COURTS—JURISDICTION—FEDERAL QUESTION—ACTION AGAINST
DIRECTORS OF NATIONAL BANK.
    An action against directors of a national bank for damages for inducing
    the plaintiff, by false representations contained in the reports made by
    them in accordance with the statutes and the regulations of the comp-
    troller of the currency, to loan money to the bank, which he lost through
    its insolvency, does not present a controversy arising under the constitu-
    tion or laws of the United States, of which the federal courts have juris-
    diction, either originally or by removal.

Pound & Burr and Biggs & Thomas, for plaintiff.
Charles O. Whedon and Deweese & Hall, for defendants.

SHIRAS, District Judge. This action was begun in the district
court of Seward county, Neb., it being averred in the petition that
the defendants were directors of the Capital National Bank, a cor-
poration doing business in the city of Lincoln, Neb.; that the de-
fendants, for the purpose of inducing the plaintiff and others to do
business with and loan money to said corporation, made pretended
statements of the condition of the said corporation, its assets and lia-
bilities (the same being in writing, and copies thereof being attached
to the petition); that, relying upon said statements, the plaintiff
loaned to said corporation various sums of money, amounting in the
aggregate to the sum of $11,500; that said statements were in fact
false in many particulars, and were so known to be to the defendants
when they signed and put forth the statements in question, and that
said bank was at the time wholly insolvent, and in consequence
thereof the plaintiff lost the sums of money so loaned as above
stated; thereupon a cause of action for damages had accrued to the
plaintiff. The exhibits attached to the petition show that the writ-
ten statements declared on are reports of the condition of the Capital
National Bank made by the defendants, as officers and directors of
the bank, under the statutes of the United States and regulations of
the comptroller of the currency. The defendants, appearing in the
state court, filed a petition for the removal of the case into this court
upon the ground that the controversy was one arising solely under
the provisions of the constitution and laws of the United States, and
was therefore removable into the federal court, regardless of the fact
that the plaintiff and defendants were citizens of the same state.
The state court refused to grant an order of removal, but defendants
caused a transcript of the record to be filed in this court, and the
case is now before this court upon a motion to remand.

It is now well settled that under the provisions of the act of 1887,
as amended by the act of 1888, a case cannot be removed from a
state to the federal court, upon the ground that the controversy is
one arising under the constitution and laws of the United States,
unless it is made clear upon the face of the petition or bill filed by
the plaintiff that in fact the controversy sought to be adjudicated is
one arising under the federal constitution or statutes. Metcalf v.

Watertown, 128 U. S. 586, 9 Sup. Ct. 173; Mining Co. v. Turck, 150 U. S. 138, 14 Sup. Ct. 35; Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654.    From the ruling made by the court of appeals for this circuit in Bailey v. Mosher, 11 C. C. A. 304, 63 Fed. 488, it follows that actions based upon the express provisions of the banking act present controversies arising under the laws of the United States, but the same are only maintainable, after a bank has gone into insolvency, in the name of the receiver.    In Hayden v. Thompson, 17 C. C. A. 592, 71 Fed. 60, it was furthermore ruled by the same court that a person legally injured by the wrongful acts of the officers and directors of a national bank, and which acts create causes of action under the principles of the common law, may count on the common-law liability for damages caused him.    Actions of this character, however, would not present controversies arising under the laws of the United States, and of them the federal courts could not have jurisdiction, either originally or by removal, if they were between citizens of the same state.    The petition in the case now before the court is clearly based, not upon the provisions of the national banking act, but upon a liability claimed to arise under the principles of the common law; and, as the requisite diversity of citizenship does not exist to justify a removal on that ground, it must be held that the state court rightfully refused to order a removal of the case.