### JONES v. MOSHER et al.

(Circuit Court of Appeals, Eighth Circuit. March 1, 1901.)

No. 1,375.

1. REMOVAL OF CAUSES—TIME OF APPLICATION—AMENDED COMPLAINT.

When a cause of action which is removable is first disclosed by an amended complaint filed after the time has expired for pleading to the original complaint, an application for removal should be filed at once, or within the time allowed by statute or rule of court to answer the amended complaint, when such time is prescribed by the local law; otherwise, the right of removal is waived.

2. SAME—PETITION—EFFECT OF REMAND.

A petition for removal upon which a cause was removed, but was subsequently remanded, is functus officio, and has no effect upon an amended complaint subsequently filed, even if such complaint renders the cause removable.

In Error to the Circuit Court of the United States for the District of Nebraska.

Richard S. Norval (L. C. Burr, George W. Lowley, J. J. Thomas, and Charles S. Lobinger, on the brief), for plaintiff in error.

J. W. Deweese (Frank E. Bishop and Frank M. Hall, on the brief), for defendants in error.

Before CALDWELL and THAYER, Circuit Judges.

THAYER, Circuit Judge. The sole question which this record presents is whether the circuit court of the United States for the district of Nebraska, from whence the case comes, lawfully acquired such jurisdiction thereof as enabled it to render a valid judgment dismissing the plaintiff's cause of action. The facts are these: Isaac Holt brought the action originally on February 25, 1895, against Charles W. Mosher et al., the defendants in error, in the district court of Seward county, state of Nebraska. The defendants on March 29, 1895, filed a petition and bond for the removal of the cause to the circuit court of the United States for the district of Nebraska, and the cause was removed; but on the hearing of a motion to remand it the motion was sustained, and the cause was remanded to the state court on May 7, 1895. 74 Fed. 15. Sundry proceedings appear to have been taken in the state court after the cause was remanded, and on May 3, 1897, an amended complaint was filed by leave of court. This amended complaint charged, as

107 F.—36

the original complaint had charged in substance, that the defendants on and prior to December 7, 1892, were directors of the Capital National Bank of Lincoln, Neb.; that they had failed to faithfully discharge the duties imposed upon them by law; that the deposit account of the bank was falsified, the amount thereof being greatly understated; that the defendants had permitted to be carried upon the books of the bank as valuable assets, and had permitted statements of the condition of the bank to be published wherein were included as valuable assets, numerous notes and bills receivable which were known to them, or ought to have been known to them, to be worthless or of little value; that they had represented to the public and to the plaintiff, by numerous statements, that such worthless assets were good and collectible, knowing that such statements were untrue; that they had represented that the bank was in a sound financial condition, when they were well aware that it was insolvent; that they had made statements showing that the capital of the bank was unimpaired and that it had a surplus, and had also paid dividends on its stock, for some time after the bank was known to them to be insolvent; that the statements and representations aforesaid were made and published with the fraudulent intent of inducing the plaintiff and the public generally to deposit money in the bank; and that by reason of such false statements the plaintiff was induced to so deposit money which he would not have deposited but for such false representations. There were many other allegations contained in said amended complaint, of the general tenor and effect last stated, showing that the plaintiff had sustained loss by the fraudulent acts of the defendants; and attached to said complaint as exhibits were copies of two bank statements made by its cashier, and attested by certain of the defendants as directors, which were said to have been published, and which disclosed on their face that they were statements that had been made in pursuance of the national banking act to the comptroller of the currency. After the aforesaid amended complaint was filed no action was taken in the case, so far as the record discloses, for nearly two years, or until March 6, 1899. At the latter date the plaintiff asked and obtained leave to make certain changes in the amended complaint by interlineation, which interlineations were made on March 16, 1899. On April 15, 1899, the defendants demurred to the amended complaint as altered by the interlineations, the reasons assigned for the demurrer being: First, that the complaint disclosed that the court had no jurisdiction of the cause, inasmuch as it was founded upon acts of negligence committed by the defendants as directors of a national bank in violation of the national banking act; and, second, that the complaint did not state facts sufficient to constitute a cause of action. On the same day, to wit, April 15, 1899, the defendants also filed a second petition and bond for the removal of the cause to the circuit court of the United States for the district of Nebraska, on the ground that the amended complaint showed that the decision of the case depended upon the construction and application of federal laws. After a copy of the record had been lodged in the federal court the plaintiff below filed a motion to remand the case to the

state court, but this motion was denied, and a judgment was eventually rendered on the demurrer, dismissing the plaintiff's cause of action. We are called upon to determine whether, upon this state of facts, the latter motion to remand was properly overruled, and whether by the second petition for removal the federal court acquired jurisdiction of the case.

In the case of Powers v. Railroad Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, upon which the action of the trial court in denying the second motion to remand seems to have been predicated, it was held, in substance, that under certain circumstances a case may be lawfully removed to the federal court although the time prescribed by the statute for taking such action has elapsed, and the reason assigned for such ruling was that jurisdiction to hear and determine a case is not dependent in every instance upon the application for a removal being made as required by the statute (25 Stat. 433, § 3) "at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff"; such provision as to the time of removal being directory, rather than mandatory. It was said, in substance, that under certain circumstances this provision of the statute will be regarded as waived, or the parties will be held to be estopped by their conduct from asserting it. In that case it appeared that the plaintiff in his original complaint had joined certain persons as parties defendant for the express purpose of preventing the real defendant from exercising his right of removal, and that he had subsequently dismissed the action as to such persons after the period allowed by the statute for the removal of the cause to the federal court had expired. On that state of facts it was decided that a petition to remove the cause from the state to the federal court, which was filed as soon as the aforesaid dismissal took place, was filed in due season. In the case of Railroad Co. v. Austin, 135 U. S. 315, 10 Sup. Ct. 758, 34 L. Ed. 218, it was strongly intimated, if not in fact decided, that a petition for the removal of a cause from a state to the federal court may be filed after the lapse of the statutory period mentioned above, if the damages originally demanded were less than $2,000, but greater damages than that amount are subsequently claimed by amending the declaration. The rule which is fairly deducible from these decisions is that when a case as originally brought is not removable, but it becomes so afterwards by a dismissal as to certain parties or by an amendment of the declaration, the right to remove can then be exercised, although the statutory period has expired. It will not do, however, to infer from what is said in the above cases that it is entirely immaterial when a petition for the removal of a cause is filed, provided it be one which in other respects falls within the jurisdiction of the federal courts. Such is not the law, nor the fair construction of the decisions in question. It was said in Powers v. Railroad Co., supra: "Undoubtedly, when the case, as stated in the plaintiff's declaration, is a removable one, the defendant should file his petition for removal at or before the time when he is required by the law or practice of the state to make any defense whatever in

its courts;" and, furthermore, that the reasonable view of the statute is to consider it "as, in intention and effect, permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it was brought." As the right to remove an action which falls within the jurisdiction of the federal courts is a substantial right, the federal courts, as Mr. Justice Miller once remarked (Arapahoe Co. v. Kansas Pac. Ry. Co., 4 Dill. 277, 283, Fed. Cas. No. 502), should "be astute not to permit devices to become successful which are used for the very purpose of destroying that right." But the period limited by the statute for removing a cause to the federal court cannot be disregarded, even if it be true that the provision is directory and not jurisdictional. If a declaration or a complaint as originally filed in the state court does not disclose a cause of action which is removable, but such a cause of action is subsequently disclosed by an amendment of the complaint, or by discontinuing the action as against parties who were originally joined as defendants, an application for removal should be made at once, if the statutory period has expired, or it should be made within the time allowed by statute or by rule of court to answer the amended complaint, when such a period is prescribed by the local law.

Applying this rule to the case in hand, the result is that if the amended complaint which was filed on May 3, 1897, stated substantially the same cause of action which was stated after it was amended by interlineation on March 16, 1899, then the second petition for removal was filed too late to oust the jurisdiction of the state court, and we need not concern ourselves with the question whether either one of the complaints, original or amended, stated a cause of action arising under federal laws. If the interlineations made on March 16, 1899, did not change the nature of the cause of action which was counted upon by the amended complaint, then it is manifest, we think, that the defendants waived their right to remove the cause by failing to take any action looking to its removal for nearly two years thereafter. And this is so even if it should be conceded that the amended complaint differed from the original complaint in disclosing a federal question. We have made a careful examination of the complaint as it stood both before and after it had been changed by interlineation, and such comparison has satisfied us beyond a reasonable doubt that such interlineations as were made by leave of court on March 16, 1899, were unimportant and effected no change whatever in the cause of action. If the interlined complaint shows a right of action arising under federal laws, then, beyond all controversy, the amended complaint before it was interlined showed a right of action of the same character; and the same statement may be made with reference to the original complaint of February 25, 1895, which, as the lower court held, did not disclose a federal question, but stated a cause of action at common law for deceit. Bailey v. Mosher (C. C.) 74 Fed. 15. Realizing, apparently, that the second application for a removal of the cause was made too late, for the reasons already stated, counsel for the defendants have suggested that inasmuch as the original petition for removal, which was filed on

March 29, 1895, remained on file, it operated proprio vigore to oust the jurisdiction of the state court as soon as the amended declaration was filed. This suggestion assumes, of course, that the second complaint differed from the first or original complaint as respects the cause of action stated therein, which assumption, in our judgment, is erroneous. We are unable to discover any difference in the cause of action stated in the two complaints. But, aside from this view of the case, we are of opinion that the original petition for removal was functus officio when the case was originally removed and remanded, and that it could not have any effect upon a subsequent amended complaint filed in the case, even if the latter did state a different cause of action arising under federal laws. If such a complaint was filed after the cause was remanded to the state court, it was the duty of the defendants to have prepared and filed a second petition and bond for removal, addressed to the new or amended complaint, and to have prepared and filed such petition and bond within the period heretofore indicated.

The result is that the judgment of the lower court dismissing the plaintiff's cause of action was rendered without lawful jurisdiction of the cause. It is accordingly ordered that such judgment be reversed and annulled, and that the case be remanded to the lower court with directions to vacate such judgment, and to enter an order remanding the case to the state court from whence it was removed.