**BAKER et al. v. KEEBLER et al.**
No. 48.

District Court, E. D. Tennessee, N. D.
Sept. 26, 1939.

On Rehearing Oct. 11, 1939.

M. W. Egerton and R. R. Kramer, both of Knoxville, Tenn., for plaintiff.

W. T. Kennerly, W. M. Cox, John Jennings, Jr., and Harley Fowler, all of Knoxville, Tenn., for defendant.

DARR, District Judge.

The controverted question is whether there is a right of removal of this cause from a state court to this court.

The plaintiffs, who later became defendants in a cross action, are trustees in the trust agreement set up under authority of the Bank Conservation Act, U.S.C.A. Title 12, Section 207, and approved by the Comptroller of the Currency, for the purpose of reorganizing the East Tennessee National Bank.

On February 8, 1938, the plaintiffs filed their original bill in the Chancery Court of

Knox County, Tennessee, in which they sought to have the trust agreement construed in certain particulars, suggesting what they desired to do and seeking authority to so act. In this bill the plaintiffs made certain parties of interest in said trust defendants.

On April 5, 1938, William Baxter Lee et al. filed an intervening petition seeking to be made defendants to said original bill, and, also, filed a cross bill. In this cross bill the intervenors made an attack upon the management of these trustees of the trust estate and sought a full accounting from them.

Thereafter, and from time to time, there were certain dilatory matters disposed of on up to September 22, 1938, at which time the plaintiffs, as defendants in the cross bill, filed a full and complete answer to said cross bill.

The cause kept pending until the spring of 1939, at which time the trial was begun by oral proof upon the issues made up in the original bill and answer thereto and the cross bill and answer thereto.

While said trial was pending, and on May 8, 1939, the intervenors sought leave to and secured permission to amend their cross bill. This amendment charged in stronger language mismanagement of the trust by the trustees and sought to have a receiver appointed to act in the place of the trustees to carry out the trust agreement. Thus, the cross bill, as amended, sought a full accounting of the trusteeship by the trustees, asked their removal, and in their place and stead prayed for the appointment of a receiver to carry out said trust.

On the filing of the amendment the defendants to the cross action asked for time to make answer thereto. The Chancellor granted until 9 o'clock A. M. on May 9, 1939. At 8:47 A. M. on May 9, 1939, the plaintiffs, as defendants in the cross action, filed a petition seeking the removal of the cause to the United States District Court. The Chancellor declined to grant the removal. Thereupon the plaintiffs, as defendants as aforesaid, took appropriate action to remove the cause by filing the record in this court, etc.

Then came the intervenors, as plaintiffs in the cross action, and for certain alleged reasons, moved to strike the certified copies of the record, and, in the alternative, for certain other alleged reasons, moved that the cause be remanded to the Chancery Court of Knox County.

It might here be stated that the plaintiffs, as defendants in the cross action, filed a petition in this court seeking an order to stay further proceedings in the Chancery Court. It is not necessary to pass directly upon this question as a decision on the question of the right to remove will also determine this.

The plaintiffs, as defendants in the cross action, contend that this cause arises under a law of the United States and is a case for winding up the affairs of a national bank. For these reasons, one or both, it is contended that this court has jurisdiction and that the case should be heard here on the removal already had.

The contention is made by the intervenors that the plaintiffs, who became defendants in the cross action, were plaintiffs originally and as such they cannot be heard to ask for a removal of the case. It is true that a plaintiff cannot remove a cause from a state court to a federal court. There is quite a diversity of authority on the question of the right of an original plaintiff who becomes a defendant in a counter action, to remove a cause as such defendant. But I am of the opinion that the weight of the authority now is that ordinarily the defendant in a cross action has the right to ask and obtain the removal of a cause from a state court to a national court. Pierce v. Desmond, D.C., 11 F.2d 327; San Antonio Suburban Irrigated Farms v. Shandy, D.C., 29 F.2d 579; Bankers Securities Corp. v. Insurance, Equities, 3 Cir., 85 F.2d 856, 108 A.L.R. 960; Waco v. United States Fidelity & Guaranty Co., 293 U.S. 140, 141, 55 S.Ct. 6, 79 L. Ed. 244; Mason City & Ft. D. R. Co. v. Boynton, 204 U.S. 570, 27 S.Ct. 321, 51 L. Ed. 629; Zumbrunn v. Schwartz, D.C., 17 F.2d 609; American Fruit Growers v. La Roche, D.C., 39 F.2d 243; Guarantee Co. of N. D. v. Hanway, 8 Cir., 104 F. 369; Wyman v. Wallace, 201 U.S. 230, 26 S.Ct. 495, 50 L.Ed. 738.

But these plaintiffs became defendants at the time of the filing of the cross bill on April 5, 1938. At the time of the filing of the cross bill the record disclosed the same jurisdictional facts as were disclosed at the time of the filing of the amendment to the cross bill. That is, if the execution of this trust was the winding up of the affairs of a national bank, it was such at the time of the filing of the original cross bill

the same as it was as of the time of the filing of the amendment to the cross bill. If suits affecting this trust arise under the Bank Conservation Act, 12 U.S.C.A. § 201 et seq., a law of the United States, then the original cross bill was such suit at its beginning, just the same as when the amendment was filed. In other words, all the jurisdictional facts appeared at the time of the filing of the original cross bill, the same as they did at the time of the filing of the amendment to the cross bill.

■ As I understand, the cross bill sets out premises, in general, charging mismanagement by the trustees and seeking, through a number of different prayers, a full disclosure by the trustees of their trusteeship and an accounting therefor. The amendment sets out more in detail, or in stronger language, allegations of mismanagement by the trustees of the trust estate and prays for a receiver to take the place of the trustees and administer the trust estate under the trust agreement. Thus, the amendment is not a new suit but is supplementary to the original bill.

■■ This is not one of those cases where when commenced is not removable from a state court to a federal court but by subsequent amendment becomes removable. In this kind of case it must be that the amendment is such as to point out that in reality the case was removable to begin with but did not appear upon the face of the record, or charge facts that make the case removable. A mere supplement to the original pleading by amendment does not make the case removable. If a case, or a cross action, is removable at its commencement, whatever may happen thereafter will not increase the right to remove. That is, whatever may happen by way of amendment under the rules of the court in which the case is being tried. The defendants will be charged from the outset with knowledge of the rules of the court which would include the right to amend on any matter germane to the cause in the suit. Phoenix Mut. Life Ins. Co. v. Walrath, Wis., 1886, 117 U.S. 365, 6 S.Ct. 768, 29 L. Ed. 924; Best Foods v. Mitsubishi Shoji Kaisha, Ltd., D.C., 39 F.2d 620; Jones v. Mosher, 107 F. 561, 8 Cir., 46 C.C.A. 471; Painter v. New River Mineral Co., C.C., 98 F. 544; Gregory v. Boston Safe-Deposit, etc., Co., C.C., 88 F. 3; Kaitel v. Wylie, C.C., 38 F. 865; Independent Cotton Oil Co. v. Beacham, 31 Okl. 384, 120 P. 969; Beyer v. Soper Lumber Co., 76 Wis. 145, 44 N.W. 750, 833; Atlantic Nat. Bank of Boston v. Hupp Motor Car Corp., Mass., 1938, 14 N.E.2d 167.

A further reason why the amendment to the cross bill is merely supplemental is that under the Tennessee practice it is probably true that a receiver could have been appointed under the allegations and prayer of the original cross bill, without the amendment. Henshaw, Ward, & Co. v. Wells et al., 9 Humph. 568.

■■ At the time the petition to remove was filed in the Chancery Court, and at the time of the filing of the record in this court, the time for removal had long since expired from the filing of the cross bill. In fact, the plaintiffs, as defendants in the cross action, seek the removal upon the amendment to the cross bill.

It is my opinion that the failure of the plaintiffs, as defendants in the cross suit, to take action at the time of the filing of the cross bill within statutory time to remove the cause from the state court to this court, thereby selected the forum in which they desired to litigate. I think that the amendment to the cross bill did not give or add any jurisdictional grounds for removal whereby the time for removal was extended.

Having this view of the case, it is not necessary to discuss the other questions raised.

An order will be prepared remanding the case to the Chancery Court of Knox County, Tennessee.

### On Motion to Rehear.

The plaintiffs, the defendants to the cross action, have filed a motion asking for a reconsideration and change of an order which remanded this cause back to the Chancery Court of Knox County, Tennessee.

The defendants to the cross action concede that the conclusions of law reached in the former opinion are correct, but seriously contend that I misconstrued the premises upon which these conclusions were made. It is now contended by the defendants in the cross action that the amendment made by the plaintiffs in the cross action, to the cross bill on May 8, 1939, amounted to a new cause of action. Thus, that the time for filing the motion to remove the case to the Federal Court should be as of the date of the filing of the amendment.

If I understand the contention as made, the jurisdiction is dependent upon one of

558

two propositions, or both propositions, to-wit: That the cause involves the winding up of the affairs of a national bank, or that it effects a national law.

It would seem that all would agree that the situation as to these two propositions was the same at the time of the filing of the cross bill as it was at the time of the filing of the amendment to the cross bill. It is certain that if these trustees are winding up the affairs of a national bank, they were winding up the affairs of a national bank at the time of the filing of the cross bill just the same as they were at the time of the filing of the amendment thereto. It seems equally certain that if these trustees were acting under authority of the Bank Conservation Law which set up the agreement under which they are acting, that the suits would involve this law the same at the time of the filing of the cross bill as it did as of the time of the filing of the said amendment. There is no change in status as to these two propositions at the two different times.

This being true, the question to determine is whether or not the amendment amounts to the bringing of a new suit. If it amounts to the bringing of a new suit, then the time for the filing of the motion to remove would be as of the filing of the amendment. But if the amendment is supplementary or auxiliary to the main suit, then the time for filing the motion to remove would be from the filing of the original cross bill.

After carefully re-reading the intervening petition and cross bill, it would seem that there could be no question in the mind of anyone but that there is a showing of dissatisfaction of the conduct of the trustees, and a charge of mismanagement, or at least anticipated mismanagement, on the part of these trustees. It seems to me that the cross bill sets out certain premises upon which it is alleged that the trustees should no longer be permitted to act except under direct supervision of the court. Also, in the prayer the cross plaintiffs ask, in effect, that the court directly supervise the trustees on all controverted questions. As I understand a receiver is to wind up the affairs of an estate in the future, and of course, correcting such errors made in the past as may be rectified under the law. It seems to me that asking the court to directly supervise the trustees and their conduct is in substance asking for a receiver. That is to say, that I see no difference in substance in the court

acting direct by supervising the action of the trustees than acting indirectly through a receiver.

I think that the cross bill is much more than simply seeking a declaratory judgment in construing the trust agreement. It seeks a full disclosure of the conduct of the trustees and asks that they be directly supervised by the court. I am of the opinion that the Chancellor could have appointed a receiver on his own motion, or a receiver could have been appointed upon motion of the cross plaintiffs supported by an affidavit. The appointment of a receiver under either of these methods would not have made a new cause of action.

The seeking of the same thing by amendment would be no different from the other methods of asking for a receiver, so far as the change in cause of action is concerned. The charges in the amendment and the prayer for a receiver are bound to be supplementary or auxiliary to the main action begun by the filing of the cross bill.

This still being my judgment about the situation, the motion for a re-hearing is overruled and the original opinion will stand.