## PHŒNIX MUT. L. INS. CO. v. WALRATH.

*(Circuit Court, E. D. Wisconsin. January, 1883.)*

REMOVAL OF CAUSE—ACT OF MARCH 3, 1875, §§ 2 AND 3—REMOVAL AFTER TRIAL IN STATE COURT.

The meaning of sections 2 and 3 of the act of March 3, 1875, when considered together, is that where a case was pending in the state court at the time of the passage of the act, it could be removed to the federal court if the application for removal was thereafter seasonably made, and if it was otherwise removable, notwithstanding there might have been a trial in the state court before the passage of the act. But, as to any and all cases brought in the state court subsequent to the passage of the act, there could be no removal after a trial in that court.

Motion to Remand Case to State Court.

*Finches, Lynde & Miller,* for plaintiff.

*Jenkins, Elliott & Winkler,* for defendant.

DYER, J. A motion is made to remand this case to the state court, from which it was removed to this court. The action was commenced in July, 1880, in the circuit court of Milwaukee county. Issue was joined therein by the service of an answer on the twenty-sixth day of August, 1880. The cause was duly noticed for trial for the October term of the state court of that year, and was placed on the calendar of that court for trial at that term, which was the first term at which it could be tried after issue was joined therein. It was, however, not tried at that term, but was tried at the January term, 1881, before the court and a jury, the trial resulting in a verdict for the plaintiff, upon which judgment was duly entered.

The original answer was a general denial, and on the trial the defendant asked leave to amend his answer, but the court refused leave, and excluded testimony which, it is understood, would have been competent, not only under the proposed amended answer, but under the original answer. These rulings were excepted to, and an appeal was taken by the defendant to the supreme court of the state. That court reversed the judgment of the court below, and remanded the case for a new trial. The case was thereafter duly noticed for trial for the May term, 1882, of the Milwaukee county circuit court, and was placed on the calendar for trial. Subsequently, and on the twentieth day of May, 1882, the defendant applied for permission to file an amended answer. The court permitted such answer to be filed, and, as the same contained allegations constituting a counter-

claim, the plaintiff was allowed 20 days to reply thereto, and the cause, by order of the court, stood for trial at said May term. On the thirty-first day of May the plaintiff served on the defendant an order requiring him to show cause why a bill of particulars of the defendant's demand should not be served, and staying proceedings on the part of the defendant until the hearing and decision of said motion. The motion was heard and denied on the sixth day of September, 1882, which was after the expiration of the May term of the court. The plaintiff was then allowed 15 days to reply to the defendants counter-claim. Before the time thus granted in which to file a reply expired, and on the fourteenth day of September, 1882, the plaintiff procured the cause to be removed to this court under the removal act of 1875.

The first term of the state court at which the case could be tried after the decision of the motion for a bill of particulars and after the plaintiff was allowed 15 days to reply to the defendant's counter-claim, was the October term, 1882. This being the record in the state court, the defendant moves to remand the cause to that court on the ground that at the time of the removal of the same to this court, it was not removable under the act of 1875.

Much of the argument of counsel on both sides proceeded on the theory that the case was removable after its return from the supreme court of the state to the court below; and in that view there was extended discussion of this question, namely: What was the first term of the state circuit court after the reversal of its judgment by the supreme court, when the case, in the then state of the record, could be first tried? But the vital question to be here considered lies back of that, and is this: Was the case removable to this court under the act of 1875 after the trial thereof in January, 1881?

Before the passage of the act of 1875, there had been considerable controversy in the courts as to the time, with reference to a trial in the state court, when a cause could be removed. In *Insurance Co.* v. *Dunn,* 19 Wall. 214, the court, construing the act of 1867, held that under that act a case could be removed after a trial on the merits, if the statute of the state, as in Ohio, where the case arose, gave to the defeated party the right to a second trial; in other words, that under that act a case could be removed at any time before *final trial.*

In the Revised Statutes (sub. 3, § 639) the words of the act of 1867 were changed from "final hearing or trial" to "trial or final hearing," as in the act of 1866; and then followed the act of 1875,

which was clearly intended to abridge the time within which suits could be removed from the state to the federal court. *Hendecker* v. *Rosenbaum,* 6 FED. REP. 98, 99.

Section 3 of the act of March 3, 1875, provides—

"That whenever either party, or any one or more of the plaintiffs or defendants entitled to remove any suit mentioned in the next preceding section, shall desire to remove such suit from a state court to the circuit court of the United States, he or they may make and file a petition in such suit, in such state court, before or at the term at which said cause *could be first tried,* and before the trial thereof for the removal of such suit into the circuit court," etc.

Then by section 2 it is provided "that any suit of a civil nature, at law or in equity, *now pending* or hereafter brought in any state court, where the matter in dispute exceeds," etc., may be removed into the circuit court of the United States, thus making the act apply to suits pending at the time of the passage of the act.

The clear meaning of these two sections, when considered together, is that where a case was pending in the state court at the time of the passage of the act, it could be removed to the federal court if the application for removal was thereafter seasonably made, and if it was otherwise removable, notwithstanding there might have been a trial in the state court before the passage of the act. But as to any and all cases brought in the state court subsequent to the passage of the act, there could be no removal after a trial in that court; because the words of the statute are that the application for removal must be made before or at the term at which the cause could be first tried, and before the trial thereof. The language of the act means, in regard to suits pending when the act was passed, the first trial after the right of removal attached subsequently to the passage of the act; (*Hoadley* v. *San Francisco,* 3 Sawy. 553–555; *Hendecker* v. *Rosenbaum, supra;*) and obviously its language, in regard to suits thereafter brought, means the term after such suits are begun when a trial could first be had. See, also, *Bible Society* v. *Grove,* 101 U. S. 610.

The case of *Hewitt* v. *Phelps,* 105 U. S. 393, much relied on by the learned counsel opposing this motion, it will be noticed, was one that was pending in the state court when the removal act of 1875 was passed. It was commenced in 1869 and dismissed on final hearing in 1874. An appeal was taken to the supreme court of Mississippi, the decree of dismissal was reversed, and the case came back to the court below for further proceedings in conformity with the opinion of the appellate court, and thereafter the case was re-

moved to the federal court. It was, therefore, a case coming within the second section of the act, as a case then pending, with a right of removal existing at the time it was removed, which was before the first term at which it could be first heard or tried after the passage of the act, and therefore came directly within the ruling made in the *Removal Cases,* 100 U. S. 457.

The case at bar was not pending when the act of 1875 was passed. As we have seen, it was commenced in 1880. There was a trial at the January term, 1881, of the state court. That trial was followed by an appeal and a reversal of the judgment of the court below, and the case came back for a new trial. Then, for the first time, there was an application for removal. That application came too late, because in such a case the statutory requirement is imperative that the removal must be made before there is any trial of the suit in the state court. As the suit was not brought in the state court until after the act of 1875 was passed, it cannot help the party here petitioning for a removal that the judgment which followed the first trial ·was reversed, and that the case came back to the circuit court of the state for a new trial. It was not removable after the October term, 1880, of·the state court, and the motion to remand must be granted.

See *City of Chicago* v. *Hutchinson,* 15 FED. REP. 129; *Thorne* v. *Towanda Tanning Co.* Id. 289; *Johnson* v. *Johnson,* 13 FED. REP. 193; *Darst* v. *City of Peoria,* Id. 561; *Cramer* v. *Mack,* 12 FED. REP. 803; *Kerting* v. *American Oleograph Co.* 10 FED. REP. 17; *Aldrich* v. *Crouch,* Id. 305, and note, 307.