ALBERT J. SCHWARZLER and Others, as Trustees, Plaintiffs, *v.* GREAT AMERICAN INSURANCE COMPANY and Others, Defendants.

Supreme Court, New York County, February 22, 1930.

*Murray Levine*, for the plaintiffs.

*Fox, Wintner & Schur* [*Robert J. Fox* and *Robert P. Schur* of counsel], for the defendant insurance companies and Allen E. Clough.

*Max Frank* [*Joseph Fishbein* and *Isidor Enselman* of counsel], for the defendants Luongo Mason Corporation and Claremont Iron Works, Inc.

LEVY, J. This application is made by twelve of the defendants to remove the cause to the United States District Court for the Southern District of New York on the ground of diversity of citizenship. The action is by trustees of creditors of Bregman Bros., Inc., a domestic corporation, against eighteen insurance companies, which insured against loss by fire a building in course of construction belonging to that corporation. A fire loss occurred, the damage was alleged to be $561,000, and the owner assigned its rights under the policies to the plaintiff trustees. Prior thereto the Bregman concern had obtained from a lawyers' mortgage company under a building loan agreement, secured by a bond and mortgage, the sum of $427,000. After the fire the insurance companies paid to the mortgage company the sum of $441,000 by reason of the fire loss, the several companies each contributing to the total an amount unknown to the plaintiffs, and obtained from the mortgage company an assignment of its building loan agreement, bond and mortgage, to defendant Clough, for their benefit. Plaintiffs claim that they are entitled to the assignment to them of the bond and mortgage which they say now represents part payment of the fire loss, and they also claim additional sums still unpaid under the policies. Subordinate in lien to the bond and mortgage are the claims of the defendants Luongo Mason Corporation and Claremont Iron Works, Inc., both domestic corporations, which have made claims upon the insurance companies for participation in the proceeds. The plaintiffs demand judgment directing defendant insurance companies and their trustee to assign the bond and mortgage; requiring the said companies to pay additional sums of money under the policies and excluding the defendants Luongo and Claremont corporations from any interest in such proceeds.

Six of the eighteen insurance companies are incorporated under the laws of other States, five are alien corporations, and the individual defendant Clough is a citizen and resident of the State of New Jersey. These twelve non-residents present this application for removal of the action, claiming it involves separable controversies between themselves on the one hand and plaintiffs and the two domestic lienors on the other. They base their contention upon the fact that the respective liability of the moving insurance companies is predicated upon separately issued policies. The position of the defendants seems to be that the mere application to the State court, accompanied by a bond as required by section 29 of the Judicial Code of the United States (U. S. Code, tit. 28, § 72; 36 U. S. Stat. at Large, 1095) is all that is necessary to work a transfer of the cause as matter of course. And if it should develop that the proceeding to remove was improperly invoked, the remedy would lie in an application in the Federal court to have the cause remanded. In other words, if this view be correct, this court would be reduced to a sort of automaton. But the difficulty with this may be spelled out of the statute, which does not seem to place a mere mechanical ministerial function upon the State court, nor confine to the Federal court the absolutely fixed right to inquire as to the propriety of the removal. As was said in *Gregory* v. *Hartley* (113 U. S. 742, 745), the State court "was not bound to surrender its jurisdiction until a case was made which on the face of the record showed that the petitioners were in law entitled to a removal. The mere filing of a petition is not enough, unless, when taken in connection with the rest of the record, it shows on its face that the petitioner has, under the statute, the right to take the suit to another tribunal. (*Railroad Co.* v. *Koontz*, 104 U. S. 5, 14.)"

In *Louisville & Nashville R. R. Co.* v. *Wangelin* (132 U. S. 599, 601) the following criterion is laid down in connection with the right of removal in a separable controversy: " It is equally well settled that in any case the question whether there is a separable controversy which will warrant a removal is to be determined by the condition of the record in the state court at the time of the filing of the petition for removal, independently of the allegations in that petition or in the affidavit of the petitioner — unless the petitioner both alleges and proves that the defendants were wrongfully made joint defendants for the purpose of preventing a removal into the federal court."

And in *Chicago, R. I. & Pac. Ry.* v. *Dowell* (229 U. S. 102, 113) it was further said: " Whether there was a joint liability or not was a question to be determined upon the averments of the plain-

tiff's statement of his cause of action, *and is a question for the state court to decide."* (Italics mine.)

There is no proof here of any wrongful joinder of parties defendant to prevent a removal, except perhaps to the extent to which it is alleged that the lienor defendants should properly have been named as parties plaintiff. This allegation does not raise a controverted issue, which, ordinarily (*Illinois Central R. R. Co.* v. *Sheegog*, 215 U. S. 308), is triable only in the court to which it is sought to make removal. The lienors are properly party defendants, as matter of law. The record on the whole presents a contest which is not separable as to the non-resident defendants.

The petition for removal must, therefore, be denied.