## AKTIEBOLAGET SVENSKA HANDELS-BANKEN v. CHASE NAT. BANK OF NEW YORK CITY.

District Court, S. D. New York.

Jan. 30, 1947.

Shearman & Sterling & Wright, of New York City, (Henry Harfield, of New York City, of counsel), for plaintiff.

Milbank, Tweed, Hope, Hadley & McCloy, of New York City, (William M. Evarts and Albert Edelman, both of New York City, of counsel), for defendant.

RIFKIND, District Judge.

Plaintiff moves to remand this cause to the state court from which it had been removed at the instance of the defendant. The motion brings up for consideration the construction of Section 25(b) of the Federal Reserve Act, 12 U.S.C.A. § 632, which in part provides that defendant "may, at any time before the trial thereof, remove such suits [1] from a State court into

---

[1] 12 U.S.C.A. § 632 provides, in part: "Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law. * * * "

the district court * * *". It is undisputed that the suit in question is of the character which is embraced within § 25.

The facts briefly are as follows: Plaintiff, a Swedish bank, brought an action against the defendant to impress a trust upon certain funds in its hands by reason of a transaction involving foreign banking. The action was commenced in the state court on July 20, 1945. On November 13, 1945, defendant served its answer. One year thereafter plaintiff made a motion in the state court for judgment on the pleadings, under Rule 112, New York Rules of Civil Practice. The motion came on to be heard on November 14, 1946, at which time counsel for both parties appeared and argued. During the course of the argument, defendant's counsel pointed out to the court that although defendant had made no cross motion for judgment on the pleadings, it was entitled to such judgment. Under Rule 112, the court is empowered to grant judgment to either party without regard to which party makes the motion. At the close of the argument plaintiff's brief was received by the court, and defendant was given until November 20, 1946 to file a brief. Meanwhile, the court reserved decision.

On November 20, 1946, defendant's counsel informed the state court that it would not file a brief and that it had decided to remove the cause from the state court into the district court. On November 22, 1946, defendant filed its petition for removal and the cause was removed. The basis of plaintiff's contention that the cause should be remanded to the state court is that the removal was not timely in that the argument on the motion for judgment on the pleadings constituted a "trial".

It is fruitless to cite authorities which distinguish between the trial of a cause and the argument of a motion in the cause. Manifestly, the meaning of the word "trial" is controlled by its context.

In a restricted sense a trial denotes that step in an action by which issues of fact are decided. In a broader sense, a trial is a judicial examination of the issues between the parties, whether they be issues of law or of fact. Carpenter v. Winn, 1911, 221 U.S. 533, 538, 31 S.Ct. 683. 55 L.Ed. 842; Boyd v. Gill, C.C.S.D.N.Y. 1883, 19 F. 145, 150; 2 Bouv. Law Dictionary, Rawle's Third Revision, Trial, p. 3320.

The narrower definition was adopted in Miller v. Tobin, C.C.Or. 1883, 18 F. 609, 616. That case, however, was expressly overruled in Alley v. Nott, 1884, 111 U.S. 472, 476, 4 S.Ct. 495, 28 L.Ed. 491.

There have been no decisions construing the crucial language of Section 25(b). However, recourse may be had to the construction of the removal statute of 1875, § 3 of the Judiciary Act of 1875, predecessor of the present removal statute, 28 U.S.C.A. § 71, which authorized removal upon the filing of a petition therefor "before or at the term at which said cause could first be tried and before the trial thereof". Under that statute it has been held that where a general demurrer to the complaint had been heard and overruled with leave to answer, the time for removal had expired. Alley v. Nott, supra, 111 U.S. 475, 4 S.Ct. 495, 28 L.Ed. 491; Gregory v. Hartley, 1885, 113 U.S. 742, 746, 5 S.Ct. 743, 28 L.Ed. 1150.

While it is true that those cases are differentiated by the circumstance that the court had reached a decision on the demurrer, they nevertheless are persuasive authority on the pending question. Clearly the Supreme Court did not use language which would render that differentiating fact significant. Thus, in the Gregory case, 113 U.S. at page 746, 5 S.Ct. at page 745, 28 L.Ed. 1150, the court said: "It has also been decided that there cannot be a removal after a hearing on a demurrer to a complaint because it does not state facts sufficient to constitute a cause of action. * * After the hearing on the demurrers it was too late, under our decisions, to ask for a removal."

In Scharff v. Levy, 1884, 112 U.S. 711, 5 S.Ct. 360, 28 L.Ed. 825, wherein it was held, under the statute of 1875, that a cause cannot be removed from a state court after a hearing on a demurrer to a complaint, it does not appear in the opinion whether there had been a determination upon the demurrer prior to the filing of the petition for removal.

Defendant's reliance upon Hewitt v. Phelps, 1881, 105 U.S. 393, 26 L.Ed. 1072, is misplaced. True, some of the language of the opinion supports defendant's position, but the case has been limited to its peculiar circumstances, namely, a situation in which the action was commenced before the enactment of the statute of 1875 and a petition for removal filed thereafter. Alley v. Nott, supra, 111 U.S. 476, 4 S.Ct. 495, 28 L.Ed. 491; Phoenix Mutual Life Ins. Co. v. Walrath, C.C.E.D.Wis. 1883, 16 F. 161, 163, affirmed 117 U.S. 365, 6 S.Ct. 768, 29 L.Ed. 924.

I can see no logical distinction between a motion to dismiss a complaint for failure to state a claim and a motion for judgment on the pleadings. If the former constitutes a trial within the language of the statute, a fortiori, the latter does. Notwithstanding that there has been no decision upon the motion I think that the time for filing a petition for the removal has expired. The statute does not say that the filing of the petition is authorized at any time before the end of the trial, and the reasoning underlying the authorities which have been cited supports the view that the petition must be filed before the commencement of the trial.

Motion to remand is granted.