Rosa Maria MANAS y PINEIRO,
Plaintiff,

v.

CHASE MANHATTAN BANK, N. A., Defendant.

No. 76 Civ. 2934.

United States District Court,
S. D. New York.

Jan. 24, 1978.

Lipkowitz & Plaut, New York City by Peter P. Kenny, New York City, of counsel, for plaintiff.

Milbank, Tweed, Hadley & McCloy, New York City by Andrew J. Connick and Toni

C. Lichstein, New York City, of counsel, for defendant.

## MEMORANDUM AND ORDER

OWEN, District Judge.

In 1958, defendant Chase Manhattan Bank, through a Cuban branch, issued five certificates of deposit to plaintiff Manas y Pineiro. When plaintiff presented these certificates for payment at defendant's headquarters in New York City in 1974 the bank refused to honor them, on the ground that plaintiff's account at the bank's Cuban branch had been confiscated by the revolutionary Cuban government in 1959, and that the branch bank itself had been nationalized in 1960.

On July 24, 1974, plaintiff commenced this action for payment of the certificates of deposit in New York State Supreme Court, proceeding under N.Y.C.P.L.R. § 3213 by a motion for summary judgment in lieu of complaint. Defendant thereupon also sought summary judgment. On August 1, 1975, both motions were denied. Defendant appealed, and the denial was affirmed, 52 A.D.2d 794, 383 N.Y.S.2d 357 (1976). Defendant moved for reargument, but this, too, was denied.

Having thus suffered three successive setbacks in the state courts, defendant sought greener pastures: in July 1976, after two years of litigation, the bank removed the action to this court on the basis of 12 U.S.C. § 632 (1970), under which

all suits of a civil nature . . . to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking . . . either directly or through the agency, ownership, or control of branches or local institutions . . . in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before

the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

Plaintiff, possibly dissatisfied with the state courts for not having granted her own motion for summary judgment, raised no objection to this step, and both sides proceeded with extensive discovery under the Federal Rules of Civil Procedure: plaintiff deposed two representatives of defendant, and defendant deposed plaintiff, her husband, and her daughter.

After more than a year in federal court, defendant once again moved for summary judgment. Plaintiff, rather than renewing her own plea for summary judgment, argued only that this court should follow the decisions of the state courts in this case. It is that motion that is under consideration here.

In some measure, this court is being asked to serve as an appellate court, and to further review, albeit on a more extensive factual record, a ruling that has been made, affirmed, and reaffirmed in the state courts. It is difficult to imagine that this is what Congress had in mind when it enacted the removal statute upon which defendant relies; before undertaking this function, therefore, it is desirable to determine the propriety of exercising such power.

Specifically, I must consider whether the removal of this case to this court was timely, and if it was not, whether the case should on that account be remanded to the state courts. In undertaking this inquiry, I am mindful that, since orders of remand are not ordinarily reviewable,[1] "the federal court should be cautious about remand, lest it erroneously deprive defendant of the right to a federal forum." 14 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3721 at 537 (1976); *Vann v. Jackson,* 165 F.Supp. 377, 380 (E.D.N.C. 1958); *Smith v. Voss Oil Co.,* 166 F.Supp. 905, 907 (D.Wyo.1958).

---

1. See 28 U.S.C. § 1447(c) (1970). But see *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

Whether this case was properly removed turns on the meaning of the phrase "at any time before the trial thereof" in 12 U.S.C. § 632. Legislative history contains no hint of either the purpose or the meaning of this section,[2] and although the language at issue here has been incorporated into a half dozen other removal statutes,[3] most of which also deal with banking, there appears to be only one reported case construing this language in any of the statutes where it appears.

As it happens, however, that case involved this very statute, and indeed this very defendant. There, Judge Rifkind of this court, reasoning by analogy from United States Supreme Court decisions construing a similar phrase in § 3 of the Judiciary Act of 1875 (a precursor to the current general removal statutes, 28 U.S.C. §§ 1441–1448), held that the litigation of a motion for judgment on the pleadings constituted a "trial" within the meaning of 12 U.S.C. § 632. *Aktiebolaget Svenska Handelsbanken v. Chase National Bank,* 69 F.Supp. 833 (S.D.N.Y.1947) (remanding action that had been removed after argument of motion for judgment on the pleadings but before decision on the motion, on the ground that removal was untimely).

■ Judge Rifkind's analysis is clearly correct; the policy of this removal statute, like that of the removal statute of 1875, could not have been to give defendants an unfair advantage by allowing them to test the water in the state forum before deciding whether or not to stay there. As the Supreme Court stated repeatedly, "[W]e think it clear that Congress did not intend, by the expression 'before trial,' to allow a party to experiment on his case in the State

court, and, if he met with unexpected difficulties, stop the proceedings, and take his suit to another tribunal." *Removal Cases,* 100 U.S. 457, 473, 25 L.Ed. 593 (1879). "He must make his election before he goes to trial or hearing on the merits." *Jifkins v. Sweetzer,* 102 U.S. 177, 179, 26 L.Ed. 129 (1880). See also *Manning v. Amy,* 140 U.S. 137, 141, 11 S.Ct. 707, 35 L.Ed. 386 (1891); *Rosenthal v. Coates,* 148 U.S. 142, 147–48, 13 S.Ct. 576, 37 L.Ed. 399 (1893).

It is true that there are other statutes providing for removal "at any time before trial," applicable to certain criminal cases[4] and to tort claims involving the United States,[5] that have been construed more permissively. *Calhoun v. City of Meridian,* 355 F.2d 209 (5th Cir. 1966) (removal of criminal case after trial in police court but before trial de novo on "appeal," held timely under 28 U.S.C. § 1446(c)); *United States ex rel. Walker v. Gunn,* 511 F.2d 1024 (9th Cir.), cert. denied, 423 U.S. 849, 96 S.Ct. 91, 46 L.Ed.2d 72 (1975) ("before trial" in 28 U.S.C. § 1446(c) construed to mean at least "before proceedings for empanelling the jury"); *Kizer v. Sherwood,* 311 F.Supp. 809 (M.D.Pa.1970) (removal of tort action after entry of default judgment on liability issue but before trial on damage issue, held timely under 28 U.S.C. § 2679(d)). These more liberally construed statutes, however, are distinguishable from removal statutes like the one at issue here. The policy of § 632 and the statutes listed in note 3 *supra* appears to be simply to afford the defendant a choice between forums that are, from Congress' viewpoint, equally appropriate. By contrast, the removal statutes for criminal cases and tort claims manifest a congres-

---

**2.** Senator Glass, sponsor of the bill that eventually became the Banking Act of 1933 of which this section is a part, remarked of this jurisdictional provision only that he was "not so familiar with the technicalities of that subject. I was rather inclined to object to that provision, having gotten some faint idea that when lawyers in this or any other body begin a discussion of jurisdictional matters they consume a great deal of time, and I wanted to get the bill through. But the Senators who are lawyers can determine whether or not that provision of the bill shall remain in it." 75 Cong.Rec. 9889 (1932).

**3.** 9 U.S.C. § 205 (1970), 12 U.S.C. § 1452(e) (1970), 22 U.S.C. §§ 282f, 283f, 285f, 286g (1970).

**4.** 28 U.S.C. § 1446(c) (1970).

**5.** 10 U.S.C.A. § 1089(c) (Supp.1977), 22 U.S.C.A. § 817(c) (Supp.1977), 28 U.S.C. § 2679(d) (1970), 38 U.S.C.A. § 4116(c) (Supp.1977), 42 U.S.C.A. §§ 247b(k)(5)(B), 2458a(c) (Supp. 1977).

sional preference for the federal forum in those cases to which they apply: those statutes are expressly designed to shield certain kinds of defendants from the state courts in certain situations.

I conclude that the removal of this case was untimely under 12 U.S.C. § 632, because it did not occur prior to litigation on the merits in the state courts.

 The defect of untimeliness in removal cases is not jurisdictional, but merely "modal and formal." *Ayers v. Watson,* 113 U.S. 594, 598, 5 S.Ct. 641, 28 L.Ed. 1093 (1885). It is well established that a plaintiff can waive her right to object to this defect. *French, Trustee v. Hay,* 89 U.S. (22 Wall.) 238, 244–45, 22 L.Ed. 854 (1875); *Miller v. Kent,* 18 F. 561 (C.C.S.D.N.Y.1882); *Bailey v. Texas Co.,* 47 F.2d 153, 155 (2d Cir. 1931). By failing to move for remand, proceeding with discovery under the federal rules, and finally litigating the merits of defendant's motion for summary judgment in this court, plaintiff has many times over lost her right to insist upon remand. See *Kramer v. Jarvis,* 81 F.Supp. 360, 361 (D.Neb.1948). Conversely, having chosen the state forum initially, plaintiff cannot be heard to object to remand now even if, having commenced this action with an unsuccessful motion for summary judgment of her own, she concurred in defendant's untimely decision to remove. The only issue to be decided, therefore, is whether, at this stage of the proceedings, it is more appropriate for this court to retain the case or to remand *sua sponte.*

 The statute governing remand procedures reads as follows:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . . .

28 U.S.C. § 1447(c) (1970). On its face this statute appears to address only jurisdictional defects; its legislative history, however, shows that it was intended also to carry forward without change prior statutory law under which this court has discretion to remand improperly removed cases even though jurisdiction is present. See *Therm-*

*tron Products, supra* note 1, 423 U.S. at 346–50 & nn.10–15, 96 S.Ct. 584; *London v. United States Fire Insurance Co.,* 531 F.2d 257, 260 (5th Cir. 1976); *Robertson v. Ball,* 534 F.2d 63, 65 n.2 (5th Cir. 1976)! Remand in such cases may be ordered, if circumstances warrant, on the court's own motion. See, *e. g., Kramer v. Jarvis, supra* p. 421; *Raymond's Inc. v. New Amsterdam Casualty Co.,* 159 F.Supp. 212 (D.Mass.1956). And when remand is appropriate, it may be ordered even long after removal. *McRae v. Arabian Oil Co.,* 298 F.Supp. 844 (S.D.N.Y. 1968) (remand *sua sponte* of pendant claims, under 28 U.S.C. § 1441(c), after six years in federal court).

 There are three principal considerations to weigh in exercising this court's discretion to keep or remand this case: judicial economy, comity, and prejudice. This case has not progressed so far in federal court that an order of remand would compel the state court to duplicate any effort expended by this court; on the contrary, if this court were to retain the case it would be required to essentially redecide issues already passed upon more than once by state courts. In this case, therefore, considerations of judicial economy weigh heavily in favor of remand.

The same is true of considerations of comity. As Judge Mansfield, then a District Judge, stated:

Where . . . a state court invoked by resident plaintiffs is fully competent to adjudicate the issues, procedural statutory conditions precedent to removal should not be disregarded or treated lightly except where fundamental unfairness would ensue [from enforcement of those conditions].

*Maybruck v. Haim,* 290 F.Supp. 721, 724 (S.D.N.Y.1968). Those remarks apply with equal force where, as here, it is a nonresident plaintiff who has selected a fully competent state forum in preference to a federal forum, and where the chosen state forum has already given extensive consideration to the case.

Where one party has taken advantage of the liberal federal discovery rules, there may sometimes be prejudice to the other

party in remanding to state courts where discovery rules are more restrictive. See *Oil Tank Cleaning Corp. v. Reinauer Transportation Co.*, 149 F.Supp. 401 (E.D.N.Y. 1957) (granting plaintiff's motion to remand, but only on condition that plaintiff consent to forfeit the deposition that it took in federal court). In this case, however, the discovery had by the parties subsequent to removal may only be such as could have been obtained in state court anyway.[6] But even if that is not so, the parties here have taken roughly equal advantage of the federal discovery procedures, and it appears that both parties have taken all the discovery they want. Under the circumstances, remand will not prejudice either side: there is no fundamental unfairness in sending both parties back into state court somewhat better prepared for trial than they might have been had they been limited by state rules during the discovery phase of their litigation.

Accordingly, the action is remanded.

So Ordered.

**6.** In *Allen v. Crowell-Collier Publishing Co.*, 21 N.Y.2d 403, 288 N.Y.S.2d 449, 235 N.E.2d 430 (1968), the scope of discovery under N.Y.C.P. L.R. § 3101(a) ("all evidence material and necessary") was construed as being virtually as broad as that under Fed.R.Civ.P. 26(b)(1) ("any matter . . . which is relevant"). In addition, it has been suggested that where the witness sought to be deposed in a New York State action is closely related to a party, a court order permitting the deposition to be taken should be readily obtainable on motion under N.Y.C.P.L.R. § 3101(a)(4). See Siegal, Practice Commentary C3101:22, N.Y.C.P.L.R. foll. § 3101 (McKinney 1970), at p. 25.