Raymond W. HILL and Mainhurry, Ltd., Plaintiffs,

v.

CITICORP, Citibank, N.A., Richard Braddock, David Gibson and John Ingraham, Defendants.

No. 92 Civ. 5007(RLC).

United States District Court, S.D. New York.

Aug. 21, 1992.

Belair & Evans, New York City, for plaintiffs; Raymond W. Belair, Alan Winchester, Robert M. McCartin, of counsel.

Zeichner, Ellman & Krause, New York City, for defendants; Michael T. Sullivan, James J. Bjorkman, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

This case, involving allegations of fraud and breach of fiduciary duty under New York law in connection with a loan from defendants to plaintiffs, was filed in New York Supreme Court in September, 1991. After certain preliminary motions and discovery disputes in the state forum, defendants removed to this court on July 7, 1992. Now before the court is plaintiff's motion to remand the case to state court.

Defendants removed the case pursuant to 12 U.S.C. § 632, which allows removal of matters involving international banking "at any time before the trial thereof." Plaintiffs do not dispute that this case is covered by section 632; instead they make several arguments that defendants' removal petition was untimely and that the equities of the case favor remand.

### I.

First, plaintiffs assert that the thirty-day time period within which removal petitions must be filed pursuant to the general removal statute, 28 U.S.C. § 1446, is also applicable to removal petitions filed under 12 U.S.C. § 632, and that under this standard defendants' removal petition was untimely. Section 632 provides:

> Notwithstanding any other provision of law, ... any defendant in any [action involving international banking] may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the district following the procedure for the

removal of causes otherwise provided by law.

12 U.S.C. § 632. Plaintiffs argue that the thirty-day period set forth in section 1446 is imported into section 632 by the phrase "following the procedure for the removal of causes otherwise provided by law." In support of this position, plaintiffs cite *Ponce Fed. Bank, FSB v. Instituto Medico Del Norte, Inc.,* 643 F.Supp. 424 (D.P.R.), *appeal denied,* 808 F.2d 1513 (1st Cir.1986) and *Dibidale of Louisiana, Inc. v. First Nat. Bank of Houma,* Civ.A. No. 90–4784, 1991 WL 40326 (E.D.La. March 21, 1991).

Despite these cases, the court is not convinced that the thirty-day limitation from section 1446 should be incorporated by reference into the removal provisions of section 632. First, the plaintiffs' argument was considered and rejected by this court in *Libra Bank Limited v. Banco Nacional de Costa Rica,* No. 81 Civ. 7624, slip op. (S.D.N.Y.1981) (Motley, J.), *rev'd on other grounds,* 676 F.2d 47 (2d Cir.1982). Second, the other cases considering the propriety of removal under section 632 have all assumed that the statute authorizes, as its terms suggest, removal at any time prior to trial, without any limitation imported from section 1446. *See Magel v. Federal Reserve Bank of Philadelphia,* 776 F.Supp. 200, 202 (E.D.Pa.1991); *Manas y Pineiro v. Chase Manhattan Bank, N.A.,* 443 F.Supp. 418, 420 (S.D.N.Y.1978) (Owen, J.); *Aktiebolaget Svenska Handelsbanken v. Chase National Bank,* 69 F.Supp. 833 (S.D.N.Y. 1947) (Rifkind, J.). Finally, the time limit set forth in section 632, "before the trial," would be rendered almost meaningless if the thirty-day limit from section 1446 were incorporated. Accordingly, the court holds that section 632 does not incorporate by reference the thirty-day time limit set forth in section 1446.

## II.

Plaintiffs' second argument for remand is that even under the terms of section 632 without the thirty-day limitation, defendants' removal petition was untimely because it was filed after trial activity had taken place in state court.

The Supreme Court has stated that "we think it clear that Congress did not intend, by the expression 'before trial,' to allow a party to experiment on his case in the State court, and, if he met with unexpected difficulties, stop the proceedings, and take his suit to another tribunal." *Removal Cases,* 100 U.S. 457, 473, 25 L.Ed. 593 (1879). "He must make his election before he goes to trial or hearing on the merits." *Jifkins v. Sweetzer,* 102 U.S. 177, 179, 26 L.Ed. 129 (1880); *see also Manas y Pineiro, supra,* 443 F.Supp. at 420.

■ However, "[t]he defect of untimeliness in removal cases in not jurisdictional, but merely 'modal and formal.' " *Manas y Pineiro, supra,* 443 F.Supp. at 421 (citing *Ayers v. Watson,* 113 U.S. 594, 598, 5 S.Ct. 641, 642, 28 L.Ed. 1093 (1885)). Therefore, it is within the discretion of the court to determine whether the case has proceeded too far in the state court.

■ This discretion is guided, however, by the few cases that have addressed the question of when a "trial" has commenced in state court for the purposes of section 632. While the cases are sparse, they nevertheless agree on the standard: substantive activity addressed to the merits of the case in state court constitutes the commencement of a trial, while procedural motions do not. *See Magel, supra,* 776 F.Supp. at 202 (removal from state court under section 632 was held proper where "[d]efendant had only submitted preliminary objections to the plaintiff's complaint before petitioning for removal into the district court."); *Manas y Pineiro, supra,* 443 F.Supp. at 420 (case remanded to state court where summary judgment motion was argued and decided in state court before removal); *Aktiebolaget Svenska Handelsbanken, supra,* 69 F.Supp. 833 (case remanded to state court where argument had been held on a motion for judgment on the pleadings before removal).

■ In this case, defendants filed a motion to dismiss for *forum non conveniens* in state court, and that motion was denied. Several factors convince the court that the *forum non conveniens* motion in this case

was in effect a substantive motion addressed to the merits of the case.

■ First, the *forum non conveniens* motion in this case was effectively a dispositive one, since New York recognizes the cause of action sued upon, while the laws of England, the assertedly more relevant forum, do not. Second, the New York court in fact had to consider the merits of the case in determining that motion, to determine what contacts with the forum were relevant and what law was applicable. Several courts have also stated that such a motion necessarily implicates the merits of a case. *See, e.g., Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947) (considering whether grant of forum non conveniens dismissal is appealable under *Coopers & Lybrand* test); *Carlenstolpe v. Merck & Co.,* 819 F.2d 33, 36 (2d Cir.1987) ("The determining factors in the *forum non conveniens* motion are 'enmeshed' in the underlying cause of action and necessarily involve an inquiry into the merits of the action.") (citations omitted). Third, at least where a *forum non conveniens* motion involves a choice of law dispute, as this one did, it is a holding on the merits of the case. *Quintero v. Klaveness Ship Lines,* 914 F.2d 717, 719 (5th Cir.1990).

Since the defendants filed and litigated a potentially dispositive motion in state court, they have proceeded past the commencement of "trial" within the meaning of section 632, and have accordingly waived their right to removal under that statute. *See Manas y Pineiro, supra,* 443 F.Supp. at 420.

### III.

■ An analogous waiver doctrine in removal cases brought under the general removal statute, 28 U.S.C. § 1446, buttresses the court's conclusion that defendants have proceeded too far in their action in state court. In cases removed under section 1446, defendants who have filed a removal petition within the thirty-day limit may nevertheless waive their right to remove where they demonstrate an intention to litigate in the state forum. Such an intent

is shown where defendants take affirmative action in state court, such as initiating motion practice, not where their action in state court is merely defensive, such as responding to an ex parte order to show cause. *See Heafitz v. Interfirst Bank of Dallas,* 711 F.Supp. 92, 96 (S.D.N.Y.1989) (Leisure, J.).

As the court in *Heafitz* explained, "the basic inquiry involves the *nature* of the action taken in state court before the removal petition is filed.... 'If the motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has occurred. On the other hand, if a motion seeks a disposition, in whole or in part, of the action on its merits, the defendant may not attempt to invoke the right to remove after losing on the motion.'" 711 F.Supp. at 96 (quoting *Bolivar Sand Co. v. Allied Equipment, Inc.,* 631 F.Supp. 171, 173 (W.D.Tenn.1986)).

■ Under this standard, the fact that defendants initiated a motion to dismiss for *forum non conveniens,* which addresses the merits of the case and in this instance was dispositive, means that they have waived their right to remove, at least under section 1446. In the court's view, this waiver doctrine is as appropriate to issues of removal under section 632 as to those brought under section 1446.

### IV.

■ Plaintiffs have also moved for an award of costs and attorney's fees under 28 U.S.C. § 1447(c). However, as noted above, this case was removed under 12 U.S.C. § 632, not 28 U.S.C. §§ 1441 and 1446, and all of the provisions of the general removal statutes are not projected into the removal provisions of section 632. That statute does not authorize an award of attorney's fees for improvident removal, and accordingly none can be granted here. Further, even under the terms of section 1447(c), an award of attorney's fees would not be appropriate since defendants presented a colorable claim for removal. *See Lewis v. Travelers Ins. Co.,* 749 F.Supp. 556 (S.D.N.Y.1990) (Lasker, J.). An award

518

of costs to plaintiff is appropriate, however, since plaintiff is the prevailing party.

## V.

For the reasons stated above, this action is remanded to New York Supreme Court. Plaintiff is awarded costs but not attorney's fees.

IT IS SO ORDERED.