CONTITRADE SERVICES
CORPORATION,
Plaintiff,

v.

EDDIE BAUER, INC. and Seattle–First
National Bank, N.A., Defendants.

EDDIE BAUER, INC., Counter–Plaintiff,

v.

CONTITRADE SERVICES CORPORA-
TION, Media Industries, Inc., and Sara-
toga, Inc., Counter–Defendants.

No. 91 Civ. 6002 (CSH).

United States District Court,
S.D. New York.

July 2, 1992.

Thacher Proffitt & Wood, New York City
(Robert F. Brodegaard, of counsel), for
plaintiff.

Zeicher Ellman & Krause, New York
City (Stephen F. Ellman, James J. Bjork-
man, of counsel), for defendant Seattle–
First Nat. Bank, N.A.

Mendes & Mount, New York City (James
C. Miller, of counsel), for defendant Eddie
Bauer, Inc.

MEMORANDUM OPINION
AND ORDER

HAIGHT, District Judge:

This case arises out of defendant Se-
attle–First National Bank, N.A.'s ("Sea-
First") refusal to pay plaintiff on certain
letters of credit issued on behalf of Eddie
Bauer, Inc. ("Eddie Bauer").

This case is before the Court on plain-
tiff's motion to remand the action to state
court.

For the reasons set forth below, plain-
tiff's motion is denied.

## BACKGROUND

In or about 1990–91 Media Industries,
Inc. ("Media"), an importer and clothing
wholesaler with its principal place of busi-
ness in Los Angeles, California, agreed to a
series of contracts for the shipment of mer-
chandise to Eddie Bauer in Ohio and Cana-
da. The merchandise was mens sports-
wear, most of which was labeled with the
name "Eddie Bauer" (hereafter "Merchan-
dise"). Eddie Bauer ordered the Merchan-
dise by issuing purchase orders to Media.
Eddie Bauer agreed to make payment on
each purchase order by opening letters of
credit in favor of Media at SeaFirst. To
pay for the Merchandise Eddie Bauer
opened eight letters of credit with SeaFirst
which were numbered as follows: 77508,
77548, 77501, 80162, 79850, 79865, 80275
and 80157 (the "Letters of Credit"). Com-
plaint ¶¶ 7–11.

SeaFirst is a bank chartered under the
laws of the United States which has its
principal place of business in Seattle,
Washington. Letters of credit 77501 and

77548 were issued by the International Trade Operations department at SeaFirst and the account party on those letters of credit was Eddie Bauer Division of Spiegel of Canada Intl. General Merchandise Inc., 1020 Lawrence Ave. W., Toronto, Ontario, Canada, a Canadian corporation ("Eddie Bauer Canada"). The advising bank on these letters of credit was Standard Chartered Bank, International Trade Services. Both of these letters of credit provide for shipment of Merchandise from the port of Toronto to Eddie Bauer's warehouse in Toronto. Affidavit of Stanley A. Carlson, Secretary of SeaFirst, dated October 29, 1991, Exhs. A–C; Affidavit of Ian J. Johnston, Vice–President of SeaFirst, dated October 29, 1991, ¶¶ 2–4, Exhs. A and B; Affidavit of Stephen F. Ellman, Esq., dated October 30, 1991, Exh. 6.

Plaintiff Contitrade Services Corporation ("CTS"), a Delaware corporation with its principal place of business in New York, New York, had a credit facility agreement with Media. Under the agreement CTS agreed to finance Media's purchase of goods, including the Merchandise for Eddie Bauer, under a "back to back" payment arrangement. In these "back to back" transactions, CTS would open letters of credit for the benefit of Media's suppliers, thus enabling Media to purchase the Merchandise ordered by Eddie Bauer. Cross Ocean Trade Finance Corporation ("Cross Ocean"), was to process the drafts presented by Media's suppliers under the credit facility agreement. Cross Ocean is a wholly owned subsidiary of CTS with its principal place of business in New York, New York. Media granted CTS a security interest in the financed goods, including the Merchandise ordered by Eddie Bauer. Media assigned to CTS its right to collect the proceeds from any inventory financed by CTS and to make presentment for payments upon the Letters of Credit. Complaint ¶¶ 12–15.

Between May 1, 1990 and January 29, 1991 Eddie Bauer issued at least twelve purchase orders to Media for various items of mens sportswear. Several months after each purchase order the covered merchandise was delivered either to Eddie Bauer's retail distribution center in Columbus, Ohio or Eddie Bauer's warehouse in Toronto, Ontario, Canada. Complaint ¶¶ 16–38.

Under the credit facility agreement with Media, Cross Ocean presented SeaFirst with packages of documents required to obtain payment under the Letters of Credit. These presentments included documentation stating that the goods had been delivered to Eddie Bauer and referenced the purchase order issued for those goods. Cross Ocean had submitted such documentation since at least March 1990 and those presentments had been honored by SeaFirst. In or about October through December 1990 Cross Ocean made a series of presentments under five letters of credit which totalled $177,167.75. In a telephone conversation on or about January 22, 1991 SeaFirst officials informed CTS that these presentments would not be honored. Although no written explanation of the dishonor was provided, plaintiff alleges that a SeaFirst employee indicated that Eddie Bauer needed to give its permission for the payments. A second set of presentments totalling $108,646.50 was refused on March 22, 1991. Although CTS alleges that SeaFirst officials reassured it that payment would be made, the two series of presentments were never honored. Complaint ¶¶ 39–50.

While it was not provided with any reasons for the failure to honor the presentments, CTS alleges that it knows the motivation for the dishonors of the Letters of Credit. CTS says that Media lost its source of financing in early 1991 and began to wind down its operations. CTS alleges that Eddie Bauer learned of Media's difficulties and feared that any claims against Media, including charge backs and offsets for unsold or unsatisfactory goods, would not be honored. CTS alleges that Eddie Bauer instructed SeaFirst to dishonor the Letters of Credit in order to obtain an advantage over other creditors of Media. CTS alleges that Eddie Bauer is also trying to exact a measure of damages resulting from alleged failure by Media to provide Eddie Bauer with its "spring goods." Despite numerous demands by CTS for an

accounting and payment by Eddie Bauer, Eddie Bauer has not made any payments for the merchandise to CTS. Complaint ¶¶ 51–59.

On July 31, 1991 CTS brought suit against SeaFirst and Eddie Bauer in New York Supreme Court, County of New York seeking recovery for wrongful dishonor, breach of contract, violation of the Uniform Commercial Code, fraud, conversion, interference with contract, misrepresentation and unjust enrichment. Complaint ¶¶ 60–119.

Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441 and predicated federal jurisdiction on 12 U.S.C. § 632. Section 632 gives the district courts original jurisdiction over suits "arising out of transactions involving international or foreign banking." Sea-First and Eddie Bauer filed answers in this Court including cross-claims and counter-claims.

Plaintiff now moves to remand this action to state court, arguing that the transactions at issue in this case did not involve international or foreign banking.

## DISCUSSION

Plaintiff argues that this case involves domestic transactions between Media and Eddie Bauer, both American companies. Plaintiff contends that the fact that CTS, another American company, is suing as an assignee of Media does not make this an international transaction. Plaintiff argues that the letters of credit were opened at an American bank, SeaFirst, for the benefit of an American company, Media, by an American company, Eddie Bauer. Plaintiff contends that just because the goods involved in a transaction are delivered in a foreign country does not make these letters of credit an international or foreign banking transaction.

SeaFirst argues that the foreign and international nature of letters of credit 77501 and 77548 gives this Court jurisdiction over this case under 12 U.S.C. § 632. Although this action concerns eight letters of credit, SeaFirst argues that plaintiff has pleaded one cause of action so that if this Court has jurisdiction over those two letters of credit it has jurisdiction over the entire case. SeaFirst notes that the account party on the two letters of credit was Eddie Bauer Canada. SeaFirst points out that the merchandise was to be delivered to Canada and shipped in Canada. SeaFirst argues that these facts make this transaction a classic example of an international letter of credit transaction which gives this Court jurisdiction.

Eddie Bauer also opposes the motion to remand and argues that the transactions at issue in this case involve international and foreign banking.

In general, "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu–Rob Enterprises, Inc.*, 932 F.2d 1043, 1045–46 (2d Cir.1991). However, "'the federal court should be cautious about remand, lest it erroneously deprive defendant of the right to a federal forum.'" *Manas y Piniero v. Chase Manhattan Bank, N.A.*, 443 F.Supp. 418, 419 (S.D.N.Y.1978) (holding removal petition under 12 U.S.C. § 632 untimely as case had already been litigated in state court) (citation omitted).

12 U.S.C. § 632 provides in relevant part: Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

Section 632 confers jurisdiction on the district courts over suits arising out of national banks engaging in banking activities with foreign companies. Where a defendant national bank issued a letter of credit for a foreign corporation in favor of a New York corporation, the Second Circuit found that federal jurisdiction existed under 12 U.S.C. § 632. *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 792 (2d Cir.1980), *cert. denied*, 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981). As the Second Circuit stated, "SPIB is a federally chartered bank, and the transaction in which Vintero [a New York corporation], in New York, drew on a letter of credit on the account of a Venezuelan corporation ... was one involving 'international or foreign banking.'" *Id.* Letters of credit are the traditional kind of international or foreign banking transaction that an American bank enters into with foreign companies and which confers jurisdiction under § 632. *United Technologies Corp. v. Citibank, N.A.*, 469 F.Supp. 473, 476–77 (S.D.N.Y.1979); *see Conjugal Soc., Etc. v. Chicago Title Ins. Co.*, 690 F.2d 1, 4 (1st Cir.1982) (reviewing types of transactions covered by § 632).

As the case at bar involves two letters of credit issued by a national bank in favor of a foreign corporation, namely Eddie Bauer Canada, this Court has jurisdiction over the case under 12 U.S.C. § 632. Plaintiff's argument that this case is a purely domestic matter involving only American companies is belied by the fact that the account party on two of the letters of credit is a Canadian company. Plaintiff is correct that not all transactions involving deliveries abroad are covered by § 632 but when letters of credit are issued by a national bank for a foreign corporation, the transaction involves "international or foreign banking."

Plaintiff's citation to *Telecredit Service Center v. First Nat. Bank*, 679 F.Supp. 1101 (S.D.Fla.1988), only demonstrates federal jurisdiction in the case at bar. In *Telecredit* the court held that it did not have jurisdiction under § 632 when the only foreign character of a dispute between a domestic credit card company and bank was the use of credit cards to purchase

foreign services. The district court found that the dispute was contractual and that the transaction had nothing to do with "traditional banking activity" covered by § 632. *Id.* at 1104. In discussing "traditional banking activities" encompassed by § 632, the district court specifically mentioned letters of credit. *Id.* at 1103. The issuance of letters of credit to a foreign corporation in the case at bar is the kind of banking activity that was contemplated by § 632.

As some of the transactions in this case involve international or foreign banking and one of the defendants is a national bank, this Court has jurisdiction of this action under 12 U.S.C. § 632. The transactions concerning letters of credit not involving foreign companies and the cross-claims and counterclaims are within the ancillary jurisdiction of the Court. *See Corporacion Venezolana*, 629 F.2d at 792–93. Consequently, plaintiff's motion to remand this case to state court is denied.

### ORDER

Plaintiff's motion to remand this action to state court is denied.

Counsel for the parties are directed to attend a status conference at 2:30 p.m. on July 17, 1992 in Room 307 of the United States Courthouse.