**FIRST NATIONAL BANK OF JOLIET, a National Banking Association, Plaintiff,**

v.

**PROMATEK MEDICAL SYSTEMS, INC., an Illinois Corporation, d/b/a/ Electrostim U.S.A., Ltd., Promatek Industries, Ltd., a Canadian Corporation, Arthur Levine, Individually, Harvey Kofsky, Individually, and Judah Eliahoo, Individually, Defendants.**

No. 94 C 4426.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 13, 1994.

Kenneth A. Carlson, David J. Silverman, Roger D. Rickmon, Herschbach, Tracy, Johnson, Bertani & Wilson, Joliet, IL, for plaintiff.

John Maniatis, Durga M. Bharam, Tressler, Soderstrom, Maloney & Priess, Jerry L. McDowell, Wilson Elser Moskowitz Edelman & Dicker, Chicago, IL, for defendants.

### MEMORANDUM, OPINION AND ORDER

ANDERSEN, District Judge.

This case is before the court on the motion of plaintiff, First National Bank of Joliet, to remand this case to the Circuit Court of Will County, Illinois pursuant to 28 U.S.C. § 1447. For the reasons stated below, we deny the motion to remand.

### BACKGROUND

Plaintiff, First National Bank of Joliet ("First National"), originally filed this action in the Circuit Court of Will County. Defendants removed the action to this court on July 20, 1994. First National is chartered under the laws of the United States. Defendants are Promatek Medical Systems, Inc. ("Promatek Medical"), an Illinois corporation; Promatek Industries, Ltd., ("Promatek Industries") a Canadian corporation; and Arthur Levine, Harvey Kofsky, and Judah Eliahoo, residents of Canada.

In its complaint, First National alleges that Electrostim U.S.A., Ltd., now known as Promatek Medical, sought to obtain a revolving line of credit from First National in the amount of $300,000. First National established a line of credit to Promatek Medical which was memorialized from time to time by promissory notes given by Promatek Medical to First National. The last note, in the sum of $220,000, was dated June 28, 1992 with interest payable quarterly beginning on September 28, 1992 and principal payable on

June 28, 1993. The loan was secured by a security interest in inventory, accounts receivable, equipment, and after acquired property.

In addition to the security interest, First National further required a guaranty from Promatek Medical's parent corporation, Promatek Industries, a Canadian corporation with its principal place of business in Montreal, Quebec, Canada. The board of directors of Promatek Industries authorized the guaranty on June 11, 1987 through a resolution which was signed by defendant Arthur Levine, an officer and director of Promatek Industries.

The Canadian parent corporation, Promatek Industries, also furnished irrevocable stand-by letters of credit to First National from the Canadian International Bank of Commerce through its affiliate Centre Bancaire International in Montreal, Quebec, Canada. A letter of credit which covered the last note in the amount of $220,000 was issued on July 9, 1991 with an expiration date of July 31, 1992. An amendment to the letter extended the expiration date to August 2, 1993.

Promatek Medical defaulted on the $220,-000 note on June 28, 1993, and First National demanded payment from both Promatek Medical and Promatek Industries. In late June and July, 1993, First National also advised Promatek Medical that, unless payment on the overdue note was immediately made, First National would draw on its letter of credit which covered the amount in default. First National, however, allegedly forbore on its right to draw on the letter of credit after receiving continuous assurances from defendant Judah Eliahoo, an officer and director of both Promatek Medical and Promatek Industries, that an extension on the letter of credit was forthcoming. Unknown to First National at the time, the Canadian International Bank of Commerce allegedly had already advised Promatek Industries and Eliahoo that the letter of credit would not be extended. The letter of credit then expired by its terms.

First National further alleges that, beginning in late 1992 or early 1993, defendants Arthur Levine and Harvey Kofsky, both officers and directors of Promatek Industries, caused the transfer of the product lines of Promatek Medical to other subsidiaries of Promatek Industries, thereby impairing the security interests held by First National in the product lines. First National also alleges that Promatek Medical has operated with little or no capital and had insufficient means of meeting its obligations to creditors.

First National has filed a six-count complaint in this action. Count I is for breach of contract against Promatek Medical. Count II is a cause of action on the guaranty agreement against Promatek Industries. Count III is against defendant Eliahoo for misrepresentation. Count IV is for tortious interference with contract against Kofsky and Levine. Count V is a promissory estoppel claim against Promatek Industries based upon its assurances regarding the renewal of the letter of credit. Count VI is a claim to pierce the corporate veil of Promatek Medical because Promatek Medical allegedly is the alter ego of Promatek Industries.

In its Notice of Removal, defendants allege that this action is removable under the provisions of 12 U.S.C. § 632 because it is a civil action arising out of transactions involving international or foreign banking and at least one party is a corporation organized under the laws of the United States.

In its motion to remand, First National alleges that this action is not removable and subject to the original jurisdiction of this court pursuant to 12 U.S.C. § 632 because the causes of action alleged by First National do not arise out of transactions involving international or foreign banking. First National claims that this action arises out of a local loan transaction between First National and Promatek Medical. First National claims that although the note was guaranteed by Promatek Industries, the line of credit was intended to finance the day to day operations of Promatek Medical, a predominantly local business.

### DISCUSSION

■ The issue in this case is whether we have jurisdiction under 12 U.S.C. § 632. That provision provides, in part, as follows:

Notwithstanding any other provision of law, all suits of a civil nature ... to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking ... shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits.

12 U.S.C. § 632. Thus, the three elements necessary for jurisdiction are: 1) the suit must be civil in nature; 2) one of the parties at interest is a corporation organized under the laws of the United States; and 3) the suit arises out of a transaction involving international or foreign banking. *See Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786 (2d Cir.1980) *cert. denied*, 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981); *Consorcio de Fomento Industrial S.A. v. First National Bank of Chicago*, 1993 WL 291706 (N.D.Ill. Aug. 3, 1993); *Contitrade Services Corp. v. Eddie Bauer, Inc.*, 794 F.Supp. 514, 517 (S.D.N.Y. 1992); *Citibank, N.A. v. Benkoczy*, 561 F.Supp. 184 (S.D.Fla.1983). In this case, there is no dispute that the first two prongs of the test are met. The dispute arises over the third prong—whether this suit arises out of a transaction involving international or foreign banking.

In order to determine whether this action arises out of a transaction involving international or foreign banking, we must examine the allegations of the complaint. First National, a United States bank, is attempting to collect an outstanding debt owed to it by one defendant, Promatek Medical, by also pursuing a second foreign defendant, Promatek Industries, who allegedly guaranteed payment of the obligation. First National further alleges that Promatek Industries obtained and furnished to First National certain irrevocable stand-by letters of credit from the Canadian International Bank of Commerce, through its affiliate Centre Bancaire International. The letters of credit allegedly existed to provide First National with another method of collection if Promatek Medical defaulted on its loan. First National also alleges that because Promatek Industries misrepresented itself in promising to extend the letter of credit, First National forbore drawing upon it and was ultimately injured. Finally, First National alleges that the domestic corporation, Promatek Medical, was a sham corporation and that its corporate veil should be pierced because it is the alter ego of the foreign corporation, Promatek Industries.

Examining these allegations in light of federal case law convinces us that jurisdiction exists in this court. Section 632 confers jurisdiction on the district courts over suits arising out of national banks engaging in banking activities with foreign companies. *See Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 792 (2d Cir.1980), *cert. denied*, 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981). Letters of credit are the traditional kind of international or foreign banking transaction that an American bank enters into with foreign companies and which confers jurisdiction under § 632. *See, e.g., Contitrade Services Corp. v. Eddie Bauer*, 794 F.Supp. 514, 517 (S.D.N.Y.1992); *United Technologies Corp. v. Citibank, N.A.*, 469 F.Supp. 473, 476–77 (S.D.N.Y.1979).

In *Contitrade Services*, 794 F.Supp. 514, the plaintiff opened letters of credit with a United States bank to enable a third party to ship merchandise to the defendant. The listed account party on the letters of credit was the defendant, located in Canada. *Id.* at 515. At various times the plaintiff, through its subsidiary, made a series of presentments under the letters of credit which were not honored by the issuing bank. Plaintiff alleged that the dishonor was ordered by the defendant. *Id.* at 516. Plaintiff argued that the federal court did not have jurisdiction over the transaction because it was domestic in nature. Plaintiff claimed that the letters of credit were opened at an American bank for the benefit of an American third party by an American company.

In determining that jurisdiction was proper under 12 U.S.C. § 632, the *Contitrade* court emphasized the letters of credit. The court noted that when an American bank is involved and letters of credit are issued for a foreign corporation, the transaction involves

international or foreign banking. *Id.* Additionally, the court dismissed plaintiff's "domestic transaction" argument because the defendant, who was the account party on the two letters of credit, was a Canadian company. *Id. See also Corporacion Venezolana de Fomento v. Vintero Sales Corp.,* 629 F.2d 786, 792 (2d Cir.1980).

■ In the instant case, a foreign corporation furnished an American bank with a letter of credit through a foreign banking institution. As in *Contitrade,* one of the defendants, Promatek Industries, is a foreign corporation. However, in this case, even more persuasive is the fact that the institution which issued the letter of credit is also a foreign corporation. We find that when a foreign bank is alleged to have issued a letter of credit and the letter of credit is delivered by a foreign corporation to an American bank, the transaction involves foreign or international banking.

First National's insistence that its cause of action is "substantively domestic" undermines its theory of recovery. First National claims that this case has "tenuous" international contacts and that "the Canadian part[ies] [are] only indirectly involved." Such claims seem disingenuous given the fact that Promatek Industries is named as a defendant in three of the complaint's six counts. Moreover, in Count VI, First National alleges that the domestic party, Promatek Medical, was merely the alter ego of its foreign parent· corporation, Promatek Industries. Therefore, First National's argument that the Canadian parties are only indirectly involved is without merit, and the motion to remand is denied.

## CONCLUSION

For the foregoing reasons, we deny the motion of plaintiff First National Bank of Joliet to remand this action to the Circuit Court of Will County, Illinois.