17 F.3d 1444
 2 A.D. Cases 1744
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kent S. BRUCKER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3488.
 United States Court of Appeals, Federal Circuit.
 Jan. 18, 1994.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Petitioner Kent S. Brucker appeals the July 16, 1993 final decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. This court affirms.
 
 OPINION
 
 2
 The Department of Defense's Defense Finance and Accounting Service hired Mr. Brucker on June 1, 1992 as an accounting technician. His appointment was subject to the completion of a one-year probationary period. On February 2, 1993, the agency gave notice that he would be removed, effective February 5, 1993, for alleged poor performance and unacceptable conduct. Mr. Brucker appealed the decision to the Board.
 
 
 3
 The Board held that Mr. Brucker had no basis to appeal his removal because he was a probationary employee. The Board lacks jurisdiction over an appeal by a probationary employee unless the employee's termination resulted from discrimination based on marital status or partisan political reasons. 5 C.F.R. Secs. 315.804, 315.806(a), (b) (1993). Because the employee alleged no such discrimination, the Administrative Judge dismissed the appeal on March 11, 1993 for lack of jurisdiction. The Administrative Judge's decision became the final decision of the Board when it denied review on July 16, 1993.
 
 
 4
 In a petition for review of the Board's decision, Mr. Brucker did not address the issue of the Board's jurisdiction over his appeal. Instead, petitioner again asserted that the termination was procedurally defective and discriminatory on the basis of a perceived handicap. The Board again denied Mr. Brucker's petition for review of the initial decision because of a lack of jurisdiction.
 
 
 5
 This court affirms the Board's decision unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). This court therefore ascertains whether the Board's decision "complies with the applicable statute and regulations and whether it has a rational basis supported by substantial evidence from the record taken as a whole." Id.
 
 
 6
 The appellant must establish by a preponderance of the evidence that the Board has jurisdiction over his appeal. 5 C.F.R. Sec. 1201.56(a)(2)(i) (1993); see also Roche v. United States Postal Serv., 828 F.2d 1555, 1557 (Fed.Cir.1987); Maddox v. Merit Sys. Protection Bd., 759 F.2d 9, 10 (Fed.Cir.1985). To establish jurisdiction, Mr. Brucker must point to a specific law, rule, or regulation establishing Board jurisdiction over his appeal. 5 U.S.C. Sec. 7701(a) (1988); 5 C.F.R. Sec. 1201.3 (1993); Roche, 828 F.2d at 1557. This court discerns no reversible error in the Board's determination that Mr. Brucker did not show Board jurisdiction over his appeal.
 
 
 7
 Mr. Brucker seeks to litigate the merits of his removal in this court. Without Board jurisdiction, however, Mr. Brucker lacks jurisdiction in this court as well. Noble v. Tennessee Valley Auth., 892 F.2d 1013, 1014 (Fed.Cir.1989), cert. denied, 496 U.S. 936 (1990). This court affirms the Board's decision dismissing Mr. Brucker's appeal for lack of jurisdiction.
 
 
 8
 We have considered petitioner's other arguments and conclude they lack merit.